Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.    CR12-00070RSM |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S JOINT |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| ALLEN J. CHIU and | ) | |
| ANDREW S. CHIU, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## I. INTRODUCTION

On April 9, 2012, Defendants, Allen J. Chiu and Andrew S. Chiu, pled guilty to one count of Wire Fraud, in violation of 18 U.S.C. § 1343.  For nearly two years, the Chiu brothers worked together to perpetrate a unique scheme whereby they defrauded Nordstrom, Inc. into paying them more than half a million dollars in cash that they knew they were not entitled to.  Sentencing is scheduled for August 10, 2012.  For the reasons stated below, the United States respectfully recommends a sentence of incarceration of 24 months for each of the brothers.

## II. OFFENSE CONDUCT

The Chiu brothers' scheme exploited a relationship Nordstrom had with a company known as FatWallet.  Nordstrom operates an online, retail website at Nordstrom.com.  FatWallet operates a shopping community website that promotes and generates sales for online retailers by providing cash back incentives, coupons and deals for its members.  During the relevant time period, Nordstrom and FatWallet had entered

Govt Joint Sentencing Memorandum/ – 1
Chiu, et al; CR12-00070RSM

1  into an agreement whereby FatWallet would receive a commission based on a percentage

2  of all purchases made by FatWallet members at Nordstrom.com.  FatWallet, in turn,

3  returned a portion of those commission payments to the FatWallet members that made the

4  Nordstrom purchases.  Both Allen and Andrew Chiu were longtime FatWallet members.

5        Between October 2007 and September 2008, prior to embarking on the current

6  offense of conviction, Allen and Andrew Chiu made repeated purchases on

7  Nordstrom.com.  The brothers then claimed to Nordstrom that they did not receive the

8  merchandise they ordered, and demanded the charges be removed from their credit cards.

9  In October 2008, when the repeated nature of these claims were deemed unreasonable,

10  Nordstrom identified the brothers as a fraud risk and informed them in writing that

11  Nordstrom.com could no longer do business with them.

12        Nordstrom's warning, however, did nothing to deter the Chiu brothers.  The two

13  simply continued, unabated, to place orders at Nordstrom.com.  Moreover, in January

14  2009, when the Chius discovered a glitch in Nordstrom's fraud detection system, they

15  dramatically escalated their victimization of Nordstrom.  By January 2009, Nordstrom's

16  fraud detection system successfully blocked all Chiu brothers' website purchases by

17  simply reversing all attempted charges on the Chius' credit cards.   As a result, no

18  Nordstrom merchandise was ever shipped to the Chius after January 2009 and the Chius

19  did not incur any charges.  However, the Chius discovered that FatWallet continued to

20  credit them with the cash back awards for these reversed purchases.  While Nordstrom

21  had blocked the final sales to the Chius, Nordstrom continued to count these attempted

22  purchases for purposes of calculating the commission payments to FatWallet.  In other

23  words, although the Chius never actually received or paid for any Nordstrom

24  merchandise, Nordstrom unwittingly continued to pay FatWallet as if those purchases had

25  been finalized and FatWallet, in turn, continued to pay the Chius their share of the cash

26  back awards.

27        When the Chius realized Nordstrom's mistake, they sought to exploit it for all it

28  was worth.  Beginning in January 2009 and continuing through October 2011, the Chiu

Govt Joint Sentencing Memorandum/ – 2
Chiu, et al; CR12-00070RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  brothers worked together to submit over 4,000 online orders for approximately $24

2  million worth of Nordstrom merchandise.  In an effort to avoid arousing the suspicion of

3  FatWallet and Nordstrom by the sheer volume of their orders, the Defendants created

4  numerous different user accounts on FatWallet, and took care not to order more than a

5  certain amount on any one user name.  The scheme succeeded for a time.  Although no

6  goods were ever shipped and no charges were ever incurred by the Chius, Nordstrom

7  nevertheless paid out more than $1.4 million in commission payments and fees as a result

8  of the Chius' fraudulent orders.  The brothers then extracted over $600,000 in cash back

9  awards from FatWallet before the companies finally realized what was happening and

10  stopped all further payments.  Amazingly, even when FatWallet refused to issue the Chius

11  further cash back award payments, rather than desist in their activities, the brothers

12  repeatedly attempted to circumvent the blocks put forth by FatWallet.  For example, the

13  Chiu brothers attempted to submit additional Nordstrom.com orders through an alternate

14  shopping community website that offered a similar cash back program.  The scheme

15  failed only because the alternate website was affiliated with FatWallet, and the company

16  was able to recognize the Chius.  The Chiu brothers finally ceased their ordering activity

17  when it became clear law enforcement were investigating their actions.

18  ### III.  SENTENCING GUIDELINES CALCULATIONS

19      The Sentencing Guidelines are advisory.  *United States v. Booker*, 543 U.S. 220,

20  245-46 (2005).  However, "the district courts still must consult [the] Guidelines and take

21  them into account when sentencing. . . ."  *United States v. Cantrell*, 433 F.3d 1269, 1279

22  (9th Cir. 2006) (internal citations omitted, internal quote omitted).  "The appropriate

23  guidelines range, though now calculated under an advisory system, remains the critical

24  starting point for the imposition of a sentence under § 3553(a)."  *United States v. Mashek*,

25  406 F.3d 1012, 1016 n.4 (8th Cir. 2005) (quoted approvingly in *Cantrell*, 433 F.3d at

26  1279).

27      The United States anticipates that the only point of disagreement between the

28  parties as to the Sentencing Guidelines calculations is the amount of loss.  The relevant

Govt Joint Sentencing Memorandum/ – 3
Chiu, et al; CR12-00070RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Guideline provision in this case is USSG § 2B1.1.  "Loss" for purposes of USSG § 2B1.1

2  (b)(1) is defined as "the greater of actual loss or intended loss."  USSG § 2B1.1,

3  Application Note 3(A).  "Actual loss," in turn, is defined as the "reasonably foreseeable

4  pecuniary harm" that resulted from the offense.  USSG § 2B1.1, Application Note

5  3(A)(i).

6  In this case, as a result of the Defendants' fraudulent orders, Nordstrom actually

7  paid $1,468,486 in commissions and fees to FatWallet and another company that

8  processed these commission payments.  Attached as Exhibit A is a spreadsheet provided

9  by Nordstrom detailing the payments it made to FatWallet and the company LinkShare to

10  process the commission payments.  Of the more than $1.4 million that Nordstrom paid out

11  of pocket, the Defendants personally reaped $652,869.90.  Now, Defendants argue that

12  for purposes of calculating the Guidelines range, they should not be held responsible for

13  amounts beyond what they personally received or were due to receive, because it was not

14  reasonably foreseeable to them that Nordstrom would also pay FatWallet or other parties

15  to the commission arrangement.  The facts, however, demonstrate otherwise.

16  Defendants explicitly admitted as part of the plea agreement that they understood

17  that Nordstrom and FatWallet had a contractual arrangement whereby Nordstrom would

18  pay FatWallet a commission based on sales and that FatWallet would pass on only a

19  portion of what Nordstrom paid.  The stipulated statement of facts in each of the brothers'

20  plea agreement states that the brothers were "aware that when [they] made purchases on

21  Nordstrom.com...Nordstrom paid FatWallet a commission based on a percentage of [the

22  brother's] sales . . . ." and that "Fat Wallet, in turn, returned to [the brothers] a portion of

23  that commission payment . . . ."  *See* Plea Agreement at paragraph 8.  Even though the

24  Defendants may not have known the exact terms of any contractual arrangement

25  Nordstrom had with FatWallet or others, they well understood the reality that Nordstrom

26  was paying out of pocket more than what they personally received.  In other words, the

27  business model would not make sense unless others, like FatWallet, was also profiting

28  from the cash back incentives.  Therefore, the amounts that Nordstrom paid other parties

Govt Joint Sentencing Memorandum/ – 4
Chiu, et al; CR12-00070RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

as part of the commission arrangement was "reasonably foreseeable" to the Chiu brothers.

As such, the actual loss amount in this case is $1,468,486.00.

With the correct loss amount, the United States recommends the following

Sentencing Guidelines calculations:

| | |
|---|---|
| Base Offense Level, pursuant to USSG § 2B1.1(a)(1) | 7 |
| Specific Offense Characteristic USSG § 2B1.1(b)(1)(H), because this offense involved more than $1 million but less than $2.5 million in loss | +16 |
| Adjusted Offense Level | 23 |
| Acceptance of Responsibility pursuant to USSG § 3E1.1(a) and (b) | -3 |
| Total offense Level | 20 |

Because neither Allen nor Andrew Chiu have any criminal history, the applicable

sentencing range consistent with the above calculation is 33-41 months.

## IV.  SENTENCING RECOMMENDATION

In the plea agreements, the United States agreed and stipulated that it will not seek

a sentence higher than 30 months, while the Defendants promised to not seek a sentence

lower than 24 months.  Upon consideration, the United States recommends a sentence of

24 months incarceration.  This sentence is sufficient but not greater than necessary to

satisfy the § 3553 factors.

**A.      Nature of the Offense and Characteristics of the Defendant.**

Section 3553(a)(1) requires the Court to consider "the nature and circumstances of

the offense and the history and characteristics of the defendant" in formulating an

appropriate sentence.  The United States submits that a 24 month term of incarceration

appropriately balances the seriousness of the offense with the individual characteristics of

the defendants.

1    The crime committed by Allen and Andrew Chiu and the manner in which they

2  committed it was egregious.  While it is true that a temporary technical glitch at

3  Nordstrom unfortunately created the situation where payments of unearned commissions

4  were possible, it is equally true that no one forced the Chiu brothers to exploit that

5  weakness; and no one certainly forced them to exploit it to the scale that they did.  The

6  actions of the Chiu brothers are equivalent to someone discovering that a back door to a

7  Nordstrom store had been accidentally left open, and then walking in through that door to

8  steal $1.4 million from the till.  The open door does not in anyway excuse or mitigate the

9  conduct of the thief in such a case.  Likewise, the glitch that continued the commission

10  payments does not excuse the Chiu brothers here.  Moreover, it is clear from the facts that

11  the Chiu brothers only discovered the "open door" while attempting to continue their

12  previous "missing merchandise" scam.

13    Finally, the sheer scale of their offense and the length of time they kept at it

14  justifies sentencing these men to a significant time of incarceration.  This was not a quick

15  and hasty crime, done with any agonizing guilty conscience.  The Chius methodically

16  submitted orders, day after day, for nearly two years until they had ordered an eye

17  popping $24 million worth of merchandise.  In order to try and avoid detection and

18  suspicion, they had to constantly create new user names at FatWallet, and make sure not

19  to order too much merchandise at once on any one user name.  This was a crime

20  committed in a calculating, careful manner over a long period of time.  The Chius only

21  stopped their activity when they believed they may be caught.  This is behavior that

22  requires meaningful punishment.

23    The United States acknowledges that its recommendation of 24 months is also

24  significantly below the applicable Sentencing Guidelines range.  While the crime and the

25  manner in which the crime was committed was serious, the United States submits that the

26  defendants' background and, most importantly, their conduct when confronted with their

27  crime, deserve consideration.  Neither Allen nor Andrew Chiu have any criminal

28  histories.  Both have also otherwise led exemplary lives, completing high levels of

Govt Joint Sentencing Memorandum/ – 6
Chiu, et al; CR12-00070RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  education and maintaining steady and lucrative employment.  In January 2012, FBI

2  special agents confronted the brothers about their activities and the two immediately

3  confessed.  The government at that time had also seized certain retirement accounts

4  belonging to the brothers.  The investigation confirmed that nearly all of the proceeds of

5  the Chius' scheme had been deposited into these retirement accounts and commingled

6  with other funds that the brothers had earned from legitimate sources.  As part of their

7  acceptance of responsibility, the brothers have agreed to apply the entirety of the seized

8  accounts, and not merely the amount of the proceeds traceable to the fraud, toward their

9  restitution obligations.  As a result, Nordstrom will recover immediately more than

10  $970,000, making up a substantial portion of their loss.  Given their acceptance of

11  responsibility and cooperation post confrontation, the United States believes that 24

12  months is a sufficient sentence.

13  **B.      Deterrence.**

14          Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the

15  "seriousness of the offense, to promote respect for the law, and to provide just

16  punishment for the offense.  The Defendants do not present a high risk of re-offending

17  The United States also believes that two years in jail, along with the forfeiture of nearly

18  all of the Defendants' life savings, provides sufficient general deterrence for this crime.

19  **C.      Kinds of Sentences Available**.

20          No mandatory minimums apply in this case.  The offense carries a maximum

21  statutory penalty of twenty years.

22  **D.      Sentencing Guidelines Range**.

23          As indicated above, the applicable guidelines range according to United States's

24  calculation is 33-41 months.  The government's recommendation of 24 months is a

25  variance from the applicable range.

26  **E.      Recommended Sentence in Line with Other Sentences.**

27          Section 3553(a)(6) cautions the Court to avoid unwarranted sentencing disparities

28  among similarly situated defendants.  Given the nature of the Defendants' cooperation

1  and acceptance of responsibility, the United States believes a sentence of 24 months does

2  not create any unwarranted disparities.

3  **F.      Restitution.**

4        The Mandatory Victims Restitution Act ("MVRA") requires restitution to victims

5  of specified crimes, including crimes involving fraud and deceit.  See 18 U.S.C.

6  § 3663A(c)(1)(A)(ii).  "The MVRA requires a defendant to pay restitution to a victim

7  who is 'directly and proximately harmed as a result of' the fraud." *United States v.*

8  *Berger*, 473 F.3d 1080, 1104 (9th Cir.2007)(quoting 18 U.S.C. § 3663A(a)(2)).

9        The United States seeks restitution on behalf of Nordstrom, Inc. in the amount of

10  $1,468,486.  The amount represents the amount of commission and fees Nordstrom has

11  determined it paid to FatWallet and another affiliate company that processed the

12  commission payments as a proximate result of the Chius' fraudulent orders.  Attached as

13  Exhibit A is the spread sheet detailing the amounts paid by Nordstrom during the time

14  period of the Chius' offense.  Defendants do not contest this accounting.

15        At the time of sentencing, the United States will also present to the Court a

16  preliminary order of forfeiture in which the Defendants will agree to forfeit a money

17  judgment totaling the amount of proceeds they personally pocketed as a result of the

18  fraud.  In addition, pursuant to the plea agreement, the Defendants have agreed and will

19  turn over a total of $971,810.86 to the Court for the purpose of meeting their restitution

20  obligations.

21  //

22

23  //

24

25  //

26

27  //

28

Govt Joint Sentencing Memorandum/ – 8
Chiu, et al; CR12-00070RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## V.  CONCLUSION

2    For the foregoing reasons, the United States respectfully requests that the Court

3 sentence Allen J. Chiu and Andrew S. Chiu each to 24 months incarceration, followed by

4 three years of supervised release.

5    DATED this 6th day of August, 2012.

6
                                            Respectfully submitted,

7                                           JENNY A. DURKAN
                                            United States Attorney
8

9                                           */s/ Katheryn Kim Frierson*
                                            KATHERYN KIM FRIERSON
10                                          Assistant United States Attorney
                                            WSBA # 37794
11                                          700 Stewart Street, Suite 5220
                                            Seattle, Washington 98101
12                                          Telephone: (206) 553-7970
                                            Facsimile:   (206) 553-2502
13                                          E-mail: Katheryn.K.Frierson@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Govt Joint Sentencing Memorandum/ – 9
Chiu, et al; CR12-00070RSM

CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via U.S. Mail.

*s/Anna Chang*
ANNA CHANG
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:   (206) 553-7970
Facsimile:    (206) 553-2502
E-mail:  Anna.Chang@usdoj.gov

CERTIFICATE OF SERVICE