UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff  )<br>  )<br>v.  )  2:12CR00070RSM-001<br>  )  2:12CR00070RSM-002<br>ALLEN CHIU and  )<br>ANDREW CHIU,  )<br>  )<br>  Defendants  ) | |

## DEFENDANTS' JOINT SENTENCING MEMORANDUM AND ADOPTION OF THE PRESENTENCE REPORT

TO THE HONORABLE RICHARD S. MARTINEZ, UNITED STATES DISTRICT JUDGE:

COME NOW, **ALLEN CHIU AND ANDREW CHIU**, Defendants, by and through their respective attorneys of record, J. Michael Price II and Ron Cordova, and submit this Sentencing Memorandum.

### A. INTRODUCTION

The plea documents herein were drafted by the Government. The specific items in the factual resume were agreed upon by all parties to this case after careful investigation and consideration of all relevant facts. Moreover, the defendants' agreement to plead guilty to a one-count information in this case was entered into after considerable negotiation and with knowledge of how that agreement would impact the sentences ultimately imposed on the defendants. Such sentences should not be enhanced when doing so would require the Court to make factual findings beyond those established by the defendants' pleas or the jury's verdict.

Under the Supreme Court's decision in *United States v. Booker,* 125 S Ct. 738 (2005) and the precedent decisions in *Blakely v. Washington,* 542 U.S.296, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), the defendants would object to consideration at sentencing of any facts or evidence not admitted by them in the plea documents or found by a jury to be proven beyond a reasonable doubt. The Court should consider an advisory guideline sentence range consistent with the applicable guidelines and variances as agreed to by the Government and the Chius in the plea agreement and as outlined by the United States Probation Officer in the Presentence Report filed herein. Defendants Allen Chiu and Andrew Chiu respectfully request that this Honorable Court adhere to the plea agreement, adopt the presentence report in this case, follow the recommendations of the probation officer and sentence each of them to the 24-month sentence recommended by the United States Probation Officer.

### B. 18 U.S.C. § 3553 SENTENCING FACTORS:

In *Booker*, the Supreme Court held that *Blakely v. Washington* applied to the federal sentencing guidelines and that the Sixth Amendment's jury trial guarantee prevented judges from finding facts that exposed a defendant to increased prison time. As a remedy, a different majority of the Court excised the provision of the Sentencing Reform Act that made the guidelines mandatory, 18 U.S.C. § 3553(b). The remedial majority held that District Courts must still consider the guideline range, 18 U.S.C. § 3553(a)(4) & (5), but must also consider the other directives set forth in § 3553(a). Under *Booker*, sentencing courts must thus treat the guidelines as just one of a number of sentencing factors.

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B. to afford adequate deterrence to criminal conduct;

C. to protect the public from further crimes of the defendant; and

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (3) the kinds of sentences available, (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct and (7) the need to provide restitution to any victims of the offense.

After carefully considering all of the evidence and applying all of the section 3553(a) factors in the instant case, this Honorable Court is urged to impose on each defendant a variant sentence below the advisory guideline sentence range as supported by the factual circumstances established by the Government and the defendants and confirmed by the presentence investigation. The suggested sentence reflects the plea agreement's provision of imprisonment for not less than 24 months more than 30 months. Such a sentence would be sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

**C. SENTENCING FACTS SPECIFIC TO THE CHIU'S:**

The United States Probation Officer has thoughtfully set forth the sentencing recommendation submitted to the Court. The defendants would submit the following for the Court's further consideration:

Funds in the total amount of $971,810.86 have been seized by the Government. Defendants respectfully request that such amount be credited against any restitution order that this Court may enter herein. The defendants would also request the Court order that any funds recovered by Nordstroms from FatWallet be credited against such order. Nordstroms and FatWallet are negotiating a settlement regarding the return of FatWallet's share of the unlawfully obtained funds, but FatWallet has not yet been paid back any portion thereof to Nordstroms.

In support of the variance recommended by the United States Probation Officer, the defendants would bring to the Court's attention *United States v. Miller,* 991 F.2d 552, 553-54 (9th Cir.1993), which holds that district courts may depart downward on the basis of restitution when it (1) "shows acceptance of responsibility," (2) "was substantially greater than that contemplated by the Commission when drafting section 3E1.1" and (3) "the magnitude of the departure [is] commensurate with the level of the defendant's acceptance of responsibility"). See also *United States v. Kim,* 364 F. 3d 1235 (11th Cir 2004), citing Miller, *supra*, with approval and stating that "[w]e now join the Second, Third, Fourth, Sixth, Seventh, Eighth and Ninth Circuits and hold that extraordinary restitution is not a prohibited factor. [Citations.]"

In light of continued increases in white collar sentences, Paul Rosenzweig, Senior Legal Research Fellow in the Center for Legal and Judicial Studies at The Heritage Foundation, testified before the Sentencing Commission in March 2003, stating in part:

> In addition, while the measure of deterrence is for Congress to decide, not this body, one may fairly wonder if the new sentences to be imposed are not somewhat more than is necessary to achieve the other objective of criminal law -- deterrence. I know of no evidence or study suggesting that substantial additional deterrence will be achieved by

ever more extended incarceration. Indeed, my own experience is that it is the *fact* of incarceration, not the *length* of incarceration is the primary deterrent. Put another way, in the white-collar arena, what deters is the prospect of being caught not the length of sentence to be imposed. .  http://www.heritage.org/Research/Crime/test032403.cfm

This case stems from the aberrant conduct of two otherwise law-abiding young men. It is virtually implausible that either of them would commit another crime in the future.  They have both suffered the collateral effects of their misconduct and the consequent prosecution.  The brothers have suffered great embarrassment within their family and community by reason of the criminal charges and the impending sentences.  They have both lost their jobs and careers.  These are factors under section 3553(a) that should be considered at sentencing.

"Section 3553(a) lists seven factors that a sentencing court must consider.[1]  The first factor is a broad command to consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1)." Gall v. United States, 552 U.S. 38, 50, fn. 6)(2007); emphasis in original.  "The second [Section 3553(a)] factor requires the consideration of the general purposes of sentencing, including [in pertinent part]: 'the need for the sentence imposed — '(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant . . .' § 3553(a)(2)." *Ibid.* Moreover, "[p]receding this list is a general directive to 'impose a sentence sufficient, but not greater than necessary, to comply with the[se] purposes . . .'" *Ibid.*

The section 3553(a) factors warranting a variance from the Sentencing Guidelines should be noted here.  Save their conduct in the instant case, Allen Chiu and Andrew Chiu have been

---

[1] The first and second subdivisions are the most pertinent factors in the case at bar.  The "third factor pertains to 'the kinds of sentences available,' § 3553(a)(3); the fourth to the Sentencing Guidelines; the fifth to any relevant policy statement issued by the Sentencing Commission; the sixth to 'the need to avoid unwarranted sentence disparities,' § 3553(a)(6); and the seventh to 'the need to provide restitution to any victim,' § 3553(a)(7)." Gall v. United States, 552 U.S. 38, 50, fn. 6)(2007).

model citizens. Neither brother has ever been arrested or convicted of any other offense. When federal agents separately contacted Allen and Andrew Chiu, they each went above and beyond their moral duty to disclose the truth and aided substantially in the investigation and prosecution of the case at bar. They not only provided account information and details of their criminal conduct without reservation; they also voluntarily relinquished all rights to a considerably greater amount of money than the actual sum that they illicitly received. Moreover, neither brother is a threat to the public or a threat to reoffend. They have not been convicted of a violent offense.

The United States Supreme Court has held that just punishment requires that "the punishment should fit the offender and not merely the crime." Williams v. New York, 337 U.S. 241, 247 (1949); see also, Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 55 (1937) "For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender." Imposing a sentence within the Guidelines range would fit neither the crime nor the offenders in the case at bar.

As pointed out by the United States Probation Officer, the instant offense is completely inconsonant with the defendants' character. The Court should have no realistic concern about recidivism. Attached are several letters from various friends, family and co-workers on behalf of Allen or Andrew Chiu. They confirm these representations. The resulting felony convictions and sentences within the range agreed upon by the parties will fully reflect the seriousness of the offense, promote respect for the law and punish the Chius for their conduct.

/////

Accordingly and for all the afore-mention reasons, the Chius respectfully urge this Honorable Court to impose on each of them the 24-month sentence recommended by the probation officer in the case at bar.

Dated: August 6, 2012                                            Respectfully Submitted,


<u>/s/ J. Michael Price II</u>
J. MICHAEL PRICE II
Milner & Finn
2828 N. Harwood Street
Suite 1950, LB 9
Dallas, Texas 75201
(214) 651-1121
(214) 953-1366 facsimile
TXBN No. 00794485

Attorney for Defendant Allen Chiu


<u>/s/ Ron Cordova</u>
RON CORDOVA
Law Office of Ron Cordova
16520 Bake Parkway #280
Irvine, CA 92618
Telephone: (949) 748-3600
Fax: (949) 748-3888
CA BN No. 053341

Attorney for Defendant Andrew Chiu

## CERTIFICATE OF SERVICE

    This is to certify that on the 6th day of August, 2012, a true and correct copy of this document was forwarded via electronic filing to Ms. Katheryn Frierson, the Assistant United States Attorney assigned to this case, and Ms. Leona Nguyen, the United States Probation Officer assigned to this case, by electronic Mail.

                                                 /s/ Ron Cordova
                                                 RON CORDOVA
                                                 Attorney-at-Law